UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CAMPBELL, | Case No. 26-cv-04585-EMC |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MILOUS JAMES IVORY, et al., | |
| Defendants. | Docket Nos. 3, 4, 7, 8 |

In September 2025, Plaintiff Phillip Campbell filed, in state court, an unlawful detainer action against Defendant Milous James Ivory. Mr. Ivory subsequently removed the case (No. CUD-25-680005) to federal court three times; each time, the federal court remanded the case. Mr. Ivory then removed the case a fourth time. After this most recent removal, Judge Hixson prepared a report and recommendation ("R&R"). In the R&R, Judge Hixson recommended that the case be remanded back to state court based on lack of subject matter jurisdiction. Because of that recommendation, he further recommended that Mr. Ivory's application to proceed in forma pauperis ("IFP") be denied as moot. *See* Docket No. 4 (R&R). Shortly after the R&R issued, Mr. Campbell filed a motion to remand, also arguing, *inter alia*, a lack of subject matter jurisdiction. *See* Docket No. 7 (motion). For the reasons discussed below, the Court **ADOPTS** the R&R in its entirety and therefore remands the case back to state court. Because the Court is remanding, Mr. Campbell's separate motion to remand is moot (as is the related motion to shorten time). The Court, however, has taken into account the Chernev declaration submitted in support of the remand motion since it provides helpful background.

## I.     FACTUAL & PROCEDURAL BACKGROUND

This case concerns certain real property located in San Francisco.  In May 2025, a state court found that Mr. Ivory and a third party (George Bernard Clements Jr.) were co-owners of the property and ordered partition.  The court also appointed Mr. Campbell as partition referee with the authority to sell the property.  The court stated that, if all occupants failed to vacate the property, then Mr. Campbell as referee could bring an action for unlawful detainer.  *See* Chernev Decl., Ex. A (state court order for Case No. CGC-21-596963).  Notably, during the course of the partition proceedings, Mr. Ivory removed the case from state to federal court multiple times, but each time the federal court remanded.  *See* Chernev Decl. ¶ 3; *see also Clements v. Ivory*, No. C-23-5202 AMO (N.D. Cal.); *Clements v. Ivory*, No. C-24-3312 AMO (N.D. Cal.); *Clements v. Ivory*, No. C-24-4601 AMO (N.D. Cal.).[1]

In September 2025, Mr. Campbell – as partition referee – initiated an unlawful detainer action against Mr. Ivory in state court (No. CUD-25-680005).  In November 2025, Mr. Ivory filed his answer.  Subsequently, in early December 2025, two individuals (Laura Diaz and Viveon Leon) filed prejudgment claims of right to possession.  *See* Docket No. 1 (answer and prejudgment claims).

Meanwhile, Mr. Campbell had filed a motion for summary judgment which was set for hearing before the state court on December 11, 2025.  *See* Chernev Decl. ¶ 4.  The day before the hearing, Mr. Ivory removed the case to federal court.  Judge Corley remanded on January 13, 2026.  *See Campbell v. Ivory*, No. C-25-10569 JSC (N.D. Cal.) (Docket No. 8) (order).

Some two weeks later, on February 6, 2026, Mr. Ivory removed the case a second time.  Judge Tigar remanded on March 5, 2026.  *See Campbell v. Ivory*, No. C-26-1164 JST (N.D. Cal.) (Docket No. 12) (order.

Approximately a week later, on March 12, 2026, Mr. Ivory removed the case a third time.  Judge Gonzalez-Rogers remanded on March 17, 2026.  *See Campbell v. Ivory*, No. C-26-2170

---

[1] In the last removed case, Judge Martinez-Olguin granted in part Mr. Clements's motion for attorneys' fees.  *See Clements v. Ivory*, No. C-2404691 AMO (Docket No. 33) (Order at 3) (awarding $9,021 in fees "due to Ivory's three improper removal attempts").

United States District Court
Northern District of California

YGR (N.D. Cal.) (Docket No. 7) (order).

Mr. Campbell re-noticed his motion for summary judgment for May 18, 2026. Trial in the state court was also set for the same day. On May 15, 2026 – the same day that the state court's tentative ruling on the summary judgment motion was to be posted – Mr. Ivory removed a fourth time. *See* Chernev Decl. ¶ 9. This is the removal that led to the instant case.

In the notice of removal, Mr. Ivory claims that removal is proper because Mr. Campbell "raised a federal question" in his case. Not. of Removal ¶ V.N. Mr. Ivory also suggests that the removal was timely because Ms. Diaz and Ms. Leon had "timely filed prejudgment claims" and thus are defendants in the case with the right to remove, even if their status as defendants has not been recognized by either Mr. Campbell or the state court. Not. of Removal ¶ V.O.

On May 19, 2026, Judge Hixon issued his R&R in which he determined there was neither federal question nor diversity jurisdiction and thus recommended that the case be remanded back to state court for lack of subject matter jurisdiction. Judge Hixson also recommended that Mr. Ivory's IFP application be denied as moot. No objection has been filed to the R&R, but Mr. Campbell has filed a motion that also asks for a remand.

## II.    DISCUSSION

The Court has reviewed Judge Hixson's R&R and finds it thorough, complete, and well reasoned. Accordingly, the Court hereby **ADOPTS** the R&R in its entirety, remands the case back to San Francisco Superior Court, and denies Mr. Ivory's IFP application as moot.

The Court also notes that, contrary to what Mr. Ivory suggests, his removal was not timely made. Mr. Ivory did not remove for purposes of this case until months after he answered the complaint.[2] *See* 28 U.S.C. § 1441(b) (providing that a notice of removal shall be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). In addition, even if Ms. Diaz and Ms. Leon are properly deemed defendants, they did not remove: Mr. Ivory did, and he cannot remove on their behalf. Any removal by Ms. Diaz and/or Ms. Leon would also be untimely given that they filed their prejudgment claims in state

---

[2] As noted above, Mr. Ivory previously removed the unlawful detainer action three times, but each time there was a remand.

court back in December 2025.

Because removal was improper for all of the reasons stated above, the Court is remanding the case back to state court. In light of this holding, Mr. Campbell's motion to remand is **MOOT**, as is his related motion to shorten time.

### III. CONCLUSION

For the foregoing reasons, the Court remands the case to San Francisco Superior Court. Mr. Ivory is forewarned that, if he continues to improperly remove his state court case to federal court, he risks being sanctioned. All of his efforts to remove the case to federal court have been found meritless. Sanctions could include, but are not limited to, imposition of attorneys' fees.

The Clerk of the Court is instructed to facilitate the remand and close the file in the case.

This order disposes of Docket Nos. 3, 4, 7, and 8.

**IT IS SO ORDERED**.

Dated: June 10, 2026

_____

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4