UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP CAMPBELL,
Plaintiff,

v.

MILOUS JAMES IVORY, et al.,
Defendants.

Case No. 26-cv-04585-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Docket No. 11

Previously, the Court adopted the report and recommendation ("R&R") of Judge Hixson and remanded this unlawful detainer case back to state court. *See* Docket No. 10 (order). Two days after the Court's remand, Plaintiff Phillip Campbell filed a motion for attorney's fees pursuant to 28 U.S.C. § 1447(c). That is the motion now pending before the Court.[1]

Mr. Ivory has failed to file an opposition to Mr. Campbell's fee motion. Having considered the papers filed by Mr. Campbell, the Court finds this matter suitable for disposition without oral argument and thus **VACATES** the hearing on the motion for attorney's fees. The fee motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

The Court incorporates by reference the background laid out in its remand order, dated June 10, 2026. *See* Docket No. 10 (order). As reflected in that order, the case at bar concerns certain real property located in San Francisco. A state court found that Mr. Ivory and a third party

[1] Mr. Campbell has since filed another motion – specifically, a motion for a prefiling order on the basis that Defendant Milous James Ivory (proceeding pro se) is a vexatious litigant. The Court does not address Mr. Campbell's second motion in this order.

United States District Court
Northern District of California

were co-owners of the property and ordered partition. The state court appointed Mr. Campbell as partition referee and noted that, if all occupants failed to vacate the property, then Mr. Campbell – as referee – could bring an action for unlawful detainer.

Mr. Campbell brought an unlawful detainer action in September 2025. Mr. Ivory was named as the defendant. Two individuals (Laura Diaz and Viveo Leon) subsequently filed prejudgment claims of right to possession. The day before the state court was set to hear Mr. Campbell's motion for summary judgment, Mr. Ivory removed the unlawful detainer suit to federal court. Judge Corley remanded on January 13, 2026, based on lack of subject matter jurisdiction. Undeterred, Mr. Ivory removed a second time. Judge Tigar remanded on March 5, 2026, again based on lack of subject matter jurisdiction. Mr. Ivory removed the suit a third time, but Judge Gonzalez-Rogers remanded on March 17, 2026, again for lack of subject matter jurisdiction.

On May 15, 2026, Mr. Ivory removed the unlawful detainer a fourth time, leading to the initiation of the case at bar. Mr. Ivory removed the case shortly before the state court was to (1) hear Mr. Campbell's summary judgment motion and (2) begin trial. Within days of the fourth removal, Judge Hixson issued his R&R, recommending dismissal for lack of subject matter jurisdiction. Although Judge Hixson's R&R was pending, Mr. Campbell proceeded – approximately a week later – with the filing of a motion to remand based on lack of subject matter jurisdiction. On June 10, 2026, the Court adopted the R&R in its entirety and, as a result, found Mr. Campbell's motion to remand moot.

## II. <u>DISCUSSION</u>

### A. <u>Entitlement to Fees</u>

Mr. Campbell moves for attorney's fees pursuant to 28 U.S.C. § 1447(e) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[2] 27 U.S.C. § 1447(c). The purpose

[2] At the time the Court remanded the instant case, Mr. Campbell had not filed any motion for fees. He did not, *e.g.*, include a fee request in his motion to remand. That fact, however, does not preclude the Court from ruling on the fee motion post-remand. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 1992) (acknowledging that "we have not addressed the specific

underlying § 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Thus, the standard for assessing a fee request pursuant to § 1447(c) is whether the removal was reasonable. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

In the instant case, Mr. Ivory's removal was objectively unreasonable. As Judge Hixson explained in his R&R, there was clearly no federal question nor diversity jurisdiction. This was consistent with the rulings of Judges Corley, Tigar, and Gonzalez-Rogers, each of whom also found Mr. Ivory's removals of the same unlawful detainer action improper. Furthermore, this Court pointed out that Mr. Ivory's fourth removal was not timely.

The Court, therefore, finds that this case is one where an award of attorney's fees is warranted.[3]

B. Amount of Fees

Although the Court holds that fees are justified, that does not mean the amount of fees requested by Mr. Campbell is appropriate. Mr. Campbell seeks a fee award of $26,405. *See* Chernev Decl. ¶ 13. The Court finds this amount is not reasonable for several reasons.

First, the fee request represents time spent on "all four meritless removals," Mot. at 4 – *i.e.*, not just time spent on this case. However, Mr. Campbell cannot ask for time spent on the prior

---

question whether a district court retains jurisdiction to award costs and fees pursuant to section 1447(c) after remand, [but] it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."); *see also Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (finding no requirement that a motion for fees, to be timely, must precede district court's order of remand; timeliness is founded in Federal Rule of Civil Procedure 54(d)(2)(B), which says motion for fees must be filed and served no later than 14 days after entry of judgment).

[3] This is the second time that fees have been assessed against Mr. Ivory. "[D]uring the course of the partition proceedings, Mr. Ivory removed the [partition] case from state to federal court multiple times, but each time the federal court remanded." Docket No. 10 (Order at 2). "In the last removed case, Judge Martinez-Olguin granted in part [the partition plaintiff's] motion for attorneys' fees." Docket No. 10 (Order at 2 n.1) (noting that a total of $9,021 in fees was awarded).

three removals. Such requests are not timely and should have been made with the judges presiding over those removals.

Second, Mr. Campbell has not explained why he should be entitled to fees for the period between the closing of the third removed case and the initiation of the fourth removed case (*i.e.*, the instant case). That period represents time before the superior court.

Third, Mr. Campbell's fee request includes estimated time to be spent in the future. *See* Chernev Decl. ¶ 13 ("I anticipate spending another six hours reviewing any opposition to this application, preparing for the hearing, attending, at my hourly rate of $525 and $575."). The Court, however, is not holding a hearing on this matter, and Mr. Ivory did not file an opposition.

Fourth, Mr. Campbell has not sufficiently explained why he should be compensated for time spent on his motion to remand given that Judge Hixson's R&R was already pending. *See* Docket No. 4 (R&R filed on 5/19/2026); Docket No. 7 (motion to remand, filed on 5/27/2026).

Taking into consideration all of the above, the Court concludes that Mr. Campbell is entitled to compensation for the period from May 15, 2026 (the day the instant case was removed) through May 20, 2026 (the day after Judge Hixson's R&R was filed). The fees for that period total **$1,217.50**.

In addition, Mr. Campbell is entitled to compensation for the time spent on this fee motion (even though the Court has not awarded the entirety of the fees sought). *See MFC Twin Builders, LLC v. Fajardo*, No. 1:12-cv-00219-AWI-SKO, 2012 U.S. Dist. LEXIS 126201, at *21 (E.D. Cal. Sept. 4, 2012) (in discussing a fee request under § 1447(c), stating that "Plaintiff may be awarded attorneys' fees for time spent on a motion for fees (so-called 'fees-on-fees' awards)"); *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 137-38 (D.D.C. 2007) (concluding that fees on fees may be awarded under § 1447(c); *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1175 (N.D. Cal. 2004) (finding time spent on preparing request for attorney's fees under § 1447(c) reasonable). The Court finds that a total of **$2,194.50** is attributable to time spent on the fee motion.

The two amounts above total **$3,412.00**.

/ / /

## III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Mr. Campbell's fee motion. Mr. Campbell is awarded $3,412.00 in attorneys' fees.

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: July 21, 2026

EDWARD M. CHEN
United States District Judge