United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP CAMPBELL,
Plaintiff,
v.
MILOUS JAMES IVORY, et al.,
Defendants.

Case No. 26-cv-04585-EMC
Related Case No. 26-cv-07036-EMC

**ORDER GRANTING PLAINTIFF'S MOTION FOR PREFILING ORDER AS TO IVORY; AND DENYING PLAINTIFF'S MOTION FOR PREFILING ORDER AS TO DIAZ**

Pending before the Court are two related cases: (1) *Campbell v. Ivory*, No. C-26-4585 EMC, and (2) *Campbell v. Diaz*, No. C-26-7036 EMC. In both *Ivory* and *Diaz*, the same state court unlawful detainer action (No. CUD-25-680005, filed in San Francisco Superior Court) was removed. In *Ivory*, the removal was initiated by Mr. Ivory (proceeding pro se). In *Diaz*, the removal was initiated by Ms. Diaz (also proceeding pro se). In each case, the Court determined that subject matter jurisdiction was lacking and thus remanded the unlawful detainer suit back to state court. The plaintiff in the unlawful detainer suit – Mr. Campbell (the partition referee) – now moves the Court to declare Mr. Ivory and Ms. Diaz vexatious litigants and to impose a prefiling review requirement on them. Neither Mr. Ivory nor Ms. Diaz filed a brief in response to Mr. Campbell's motions. In addition, they did not appear at the hearing on the motions.

Having considered the parties' filings as well as the oral argument of counsel and the pro se litigants, the Court hereby **GRANTS** the motion as to Mr. Ivory but **DENIES** the motion (without prejudice) as to Ms. Diaz.

/ / /

/ / /

## I. FACTUAL & PROCEDURAL BACKGROUND

The Court has recounted the relevant background in its order filed at Docket No. 10 in *Ivory*. To wit: This case concerns certain real property located in San Francisco. In May 2025, a state court found that Mr. Ivory and a third party (George Bernard Clements Jr.) were co-owners of the property and ordered partition. The court also appointed Mr. Campbell as partition referee with the authority to sell the property. The court stated that, if all occupants failed to vacate the property, then Mr. Campbell as referee could bring an action for unlawful detainer. Notably, during the course of the partition proceedings, Mr. Ivory removed the case from state to federal court multiple times, but each time the federal court remanded. *See Clements v. Ivory*, No. C-23-5202 AMO (N.D. Cal.) (remanding because removal was untimely and the court lacked subject matter jurisdiction); *Clements v. Ivory*, No. C-24-3312 AMO (N.D. Cal.) (remanding for the same reasons); *Clements v. Ivory*, No. C-24-4601 AMO (N.D. Cal.) (remanding for the same reasons). In the last removed case, Judge Martinez-Olguin granted in part Mr. Clements's motion for attorneys' fees. *See Clements v. Ivory*, No. C-24-4691 AMO (Docket No. 33) (Order at 3) (awarding $9,021 in fees "due to Ivory's three improper removal attempts").

In September 2025, Mr. Campbell – as partition referee – initiated an unlawful detainer action against Mr. Ivory in state court (No. CUD-25-680005). In November 2025, Mr. Ivory filed his answer. Subsequently, in early December 2025, two individuals (Ms. Diaz and Ms. Leon) filed prejudgment claims of right to possession. Meanwhile, Mr. Campbell had filed a motion for summary judgment which was set for hearing before the state court on December 11, 2025. The day before the hearing, Mr. Ivory removed the case to federal court. Judge Corley remanded on January 13, 2026, based on lack of subject matter jurisdiction. *See Campbell v. Ivory*, No. C-25-10569 JSC (N.D. Cal.) (Docket No. 8) (order).

Some two weeks later, on February 6, 2026, Mr. Ivory removed the case a second time. Judge Tigar remanded on March 5, 2026, also based on lack of subject matter jurisdiction. *See Campbell v. Ivory*, No. C-26-1164 JST (N.D. Cal.) (Docket No. 12) (order).

Approximately a week later, on March 12, 2026, Mr. Ivory removed the case a third time. Judge Gonzalez Rogers remanded on March 17, 2026, again based on lack of subject matter

jurisdiction. *See Campbell v. Ivory*, No. C-26-2170 YGR (N.D. Cal.) (Docket No. 7) (order).

Mr. Campbell then re-noticed his motion for summary judgment before the state court for May 18, 2026. Trial in the state court was also set for the same day. On May 15, 2026 – the same day that the state court's tentative ruling on the summary judgment motion was to be posted – Mr. Ivory removed a fourth time. This is the removal that led to *Ivory*, *i.e.*, one of the cases pending before this Court. This Court – like Judges Corley, Tigar, and Gonzalez Rogers – also remanded the case based on lack of subject matter jurisdiction. It further noted that Mr. Ivory's removal of the case for the fourth time was untimely.

In the same order, the Court also addressed Ms. Diaz and Ms. Leon who appeared to be tenants at the real property at issue. The Court stated that,

> even if Ms. Diaz and Ms. Leon are properly deemed defendants, they did not remove: Mr. Ivory did, and he cannot remove on their behalf. Any removal by Ms. Diaz and/or Ms. Leon would also be untimely given that they filed their prejudgment claims in state court back in December 2025.

*Ivory*, Docket No. 10 (Order at 3-4).

The Court remanded *Ivory* on June 10, 2026. A month later, Ms. Diaz filed a notice of removal with respect to the same, just-remanded state court unlawful detainer suit, and thus *Diaz* was opened as a case in this District. The Court issued an order, directing Ms. Diaz to show cause why the case should not be remanded for lack of subject matter jurisdiction and/or untimely removal. *Diaz*, Docket No. 12 (order to show cause). Ms. Diaz failed to respond to the order to show cause, and thereafter the Court remanded based on lack of subject matter jurisdiction. *See Diaz*, Docket No. 15 (order).

## II. <u>DISCUSSION</u>

The Ninth Circuit has recognized that courts have the inherent power "'to regulate the activities of abusive litigants.'" *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of

other litigants." *Id.* at 1149. Based on the All Writs Act, 28 U.S.C. § 1651(a),[1] a court may impose a prefiling order on a litigant – *i.e.*, an order requiring that a plaintiff's papers be subject to judicial review before the papers can be accepted for filing. *See id.* at 1147. An order requiring prefiling review, however, should "rarely be filed," and, if issued, should be "carefully tailored." *Id.*

In *De Long*, the Ninth Circuit laid out four factors for a court to consider before entering a prefiling order.

- First, the court must give the litigant notice and an opportunity to be heard before imposing the prefiling order. *See id.*
- Second, the court must create an adequate record for review – , the court must list all cases and motions that could lead to a conclusion that the litigant is abusing the judicial system and that a vexatious litigant order is needed. *See id.*
- Third, the court must make a substantive finding as to the frivolous *or* harassing nature of the litigant's actions. *See id.* at 1148.
- Fourth, the prefiling order must not be overly broad and must be "narrowly tailored to closely fit the specific vice encountered." *Id.*

The first and second factors are "procedural considerations – that is, the factors define '[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007).

The third and fourth factors are "substantive considerations – that is, the factors help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.* at 1058. For the third and fourth (*i.e.*, substantive) factors, the Ninth Circuit has stated that the following may be taken into account:

[1] Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (taking note that these considerations are used by the Second Circuit).

In the instant case, the Court finds that there is a sufficient basis and need to declare Mr. Ivory a vexatious litigant because he has taken frivolous positions and his conduct has been harassing. As noted above, Mr. Ivory previously removed the **same** state court unlawful detainer suit **four** times. Each time the presiding judge (including the undersigned) remanded based on lack of subject matter jurisdiction. Those rulings should not have been a surprise to Mr. Ivory given the results of his multiple unsuccessful removals of the partition case – *i.e.*, where Judge Martinez-Olguin held multiple times that there was no subject matter jurisdiction. And, for the unlawful detainer suit, Mr. Ivory – in more than one instance – removed at a critical point during the state court litigation (*i.e.*, when a summary judgment hearing or trial was upcoming) which prevented the case from moving forward and reaching resolution. Each attempt at removal obviously lacked merit, and, certainly after the first removal, each attempt was in bad faith. Furthermore, it seems likely that, after having his four removals of the unlawful detainer suit fail, Mr. Ivory had a hand in getting Ms. Diaz to remove (which resulted in the *Diaz* case). These unwarranted removals cost Mr. Campbell and the Court needless time and expense, and placed an undue burden on the Court. A vexatious litigant court order is necessary to protect the Court and other parties.

While the Court thus finds Mr. Ivory to be a vexatious litigant, it does not reach the same finding with respect to Ms. Diaz. Unlike Mr. Ivory, Ms. Diaz has only removed the unlawful detainer suit one time. Furthermore, it is not clear from the record whether Ms. Diaz knew Mr. Ivory had removed multiple times in the past and been successful (though it seems likely she did know). The Court, therefore, shall not – at this time – declare Ms. Diaz a vexatious litigant since she has exercised removal formally only once. **However, Ms. Diaz is now forewarned that her removal of the unlawful detainer suit was improper and that, if she continues to remove the**



United States District Court
Northern District of California

**suit or seek to have this Court interfere with the state court proceeding, she may be declared a vexatious litigant in the future and/or sanctioned, which could include monetary sanctions in the form of paying Mr. Campbell's attorney's fees.**

Because the Court is declaring Mr. Ivory a vexatious litigant, it shall impose a prefiling review requirement on him. The prefiling order shall extend to **any person or entity acting on Mr. Ivory's behalf**.

The only issue remaining is the scope of the prefiling order. Mr. Campbell proposes the following:

> Before any notice of removal, complaint, petition, motion, or other initiating paper in this Court that seeks to remove, stay, enjoin, or otherwise affect any state-court unlawful detainer or eviction proceeding concerning the property located at, and commonly known as, 625 Sawyer Street, San Francisco, CA 94134, including California Superior Court, County of San Francisco matter CUD-25-680005, *Campbell v. Ivory, et al.*, a Defendant must obtain leave of court.

Docket No. 17-3 (Prop. Order ¶ 1). The Court generally finds the scope reasonable given the litigation history described above, but the language must be modified to make clear that only Mr. Ivory is being declared a vexatious litigant. In addition, the Court shall not adopt ¶ 6 of Mr. Campbell's proposed order because the Court cannot direct what the state court can or cannot do. *See* Prop. Order ¶ 6 ("Any notice of removal, complaint, petition, motion, notice of stay, or other initiating paper in this Court which is not accompanied by a leave order shall be disregarded by the Superior Court of the State of California, the San Francisco Sheriff, and shall not serve to effectuate any stay of any proceedings or eviction of any kind, without further notice or order by this Court that no such stay is in effect."). Mr. Campbell, of course, is not barred from providing the state court with a copy of this order.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Mr. Campbell's motion to declare Mr. Ivory a vexatious litigant and impose a prefiling order, but denies Mr. Campbell's motion to declare Ms. Diaz a vexatious litigant and impose a prefiling order. The Court orders the following:

/ / /

United States District Court
Northern District of California

## ORDER

The Clerk of this Court shall not file or accept – from Mr. Ivory **or** any person or entity acting on his behalf – any notice of removal, complaint, petition, motion, or other initiating paper that seeks to remove, stay, enjoin, or otherwise affect any state-court unlawful detainer or eviction proceeding concerning the property located at, and commonly known as, 625 Sawyer Street, San Francisco, CA 94134, including California Superior Court, County of San Francisco matter CUD-25-680005, *Campbell v. Ivory, et al.*, **unless** the papers are first reviewed by the General Duty Judge of this Court and approved for filing, or if Mr. Ivory is represented by a licensed attorney admitted to practice in this Court.

If Mr. Ivory **or** someone acting on his behalf wishes to file a notice of removal, complaint, petition, motion, or other initiating paper that seeks to remove, stay, enjoin, or otherwise affect any state-court unlawful detainer or eviction proceeding concerning the property located at, and commonly known as, 625 Sawyer Street, San Francisco, CA 94134, they shall first provide the following documents to the Clerk of this Court:

- The notice of removal, complaint, petition, motion, or other initiating paper they wish to be filed; **and**
- A letter explaining why the filing is not frivolous legally and factually, along with a copy of this Order.

The Clerk of the Court shall then forward the document presented for filing, the letter, and a copy of this Order to the General Duty Judge. If the General Duty Judge determines the notice of removal or other case-initiating document should not be accepted for filing because it is frivolous, the Clerk shall return the documents to Mr. Ivory (**or** the person or entity acting on his behalf) without filing them.

Any action filed in violation of this order will be subject to sua sponte remand or dismissal.

Any action filed in another forum and removed or transferred to this Court will be subject to similar review by the assigned judge of this Court.

/ / /

/ / /

United States District Court
Northern District of California

Mr. Ivory may move to modify or dissolve this order either upon a showing of good cause after two years or upon a material change in circumstances.[2]

This order disposes of Docket No. 17 in *Ivory* (No. C-26-4585) and Docket No. 9 in *Diaz* (No. C-26-7036).

**IT IS SO ORDERED**.

Dated: September 11, 2026

EDWARD M. CHEN
United States District Judge

[2] Mr. Campbell proposed this language.